UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,

v.

ERICK TAYLOR.

No. 09 CR 717
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

The defendant, Erick Taylor, seeks reduction of the sentence imposed on him. There is a path to sentence reduction under Section 3582(c), and it is the only avenue to reduction in the circumstances of this case since Taylor's plea agreement is an express waiver of his right to employ the use of Section 2255. His motion for sentence relief fails under the terms of § 3582, because his sentence was the product of an agreed term of years. When a specific term of months is agreed to and the sentence is imposed on the grounds of that specified term of months, the sentence cannot be said to be based on the Guideline range. The law that permits a reduction does not work for Taylor. This is the best reading of the views of the Justices in *Freeman v. United States*, 131 S. Ct. 2685 (2011) and the clear holdings of our Court of Appeals. *See United States v. Ray*, 598 F.3d 407 (7th Cir. 2010) and *United States v. Dixon*, 687 F.3d. 356 (7th Cir. 2012).

The defendant does raise challenges to other aspects of his sentencing. He declares that he was given an improper enhancement of his sentence and a wrongful entering of a consecutive term of 24 months. These issues are not open to further consideration. Judges cannot reexamine issues raised at the original sentencing in the circumstances here. The only claim Taylor could make would be the reduction in sentence and then only if the reduction were applicable. In this case the reduction law was not available to Taylor. The two level decrease in Guideline is not

applicable to Defendant. For this reason, his motion is denied.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: February 10, 2016